## PENNSYLVANIA R. CO. v. FISCHER.
### No. 4563.

Circuit Court of Appeals, Seventh Circuit.
Nov. 17, 1931.

Fred E. Zollars, Elmer Leonard, and James H. Rose, all of Ft. Wayne, Ind., for appellant.

Otto Fuelber, of Ft. Wayne, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

This action was brought to recover damages suffered by appellee when his automobile was struck by one of appellant's trains at a point where the so-called Kissel road crosses the Pennsylvania right of way in Whitley county, Ind. A judgment in his favor followed a favorable verdict. In support of its appeal, appellant assigns one error, viz., the failure of the court to grant its motion for a directed verdict.

It is argued that the evidence conclusively established contributory negligence on the part of appellee, as well as the absence of any negligence on the part of the railroad company.

As to appellant's negligence, we have no doubt as to the correctness of the trial judge's ruling. Direct and positive evidence, there was, to the effect that appellant's agents failed to ring the bell or blow the whistle as the engine approached the crossing, in direct violation of the command of the Indiana statute (section 13038, Burns' Annotated Indiana Statutes). The proof tending to establish negligence on the part of appellant in this particular was not limited to appellee's witnesses.

The closer question presented by this appeal is over the alleged contributory negligence of appellee.

Assuming, as we must, that the bell was not rung nor the whistle sounded, as required by statute, we are not prepared to say that reasonable men could not reach different conclusions respecting the conduct of appellee. There was believable evidence indicating that the light on the engine was either dimmed or not burning shortly before the engine reached the crossing. Appellee says that he stopped, looked, and listened at a point 10 feet north of the north rail of the north track, a distance about 21½ feet from the point of collision. Because of the lack of lights and the failure to ring the bell or sound the whistle, he says he neither saw nor heard the on-coming train. At least, this is his testimony, and, under the circumstances here disclosed, it was believable. The facts and deductions tending to dispute appellee's statement were not conclusively established.

The instant case is not one where the physical facts were so irrefutably established as to permit of but one conclusion being drawn therefrom and to preclude submission of the issue of contributory negligence to the jury.

The judgment is affirmed.